**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| JERMARAE HERBERT, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-52 |
| v. | FILED<br>Scott L. Poff, Clerk<br>United States District Court |
| WARDEN JAMES DEAL, et al., | |
| Defendants. | *By casbell at 9:50 am, Feb 05, 2020* |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims for monetary damages against Defendants in their official capacities;

2. Plaintiff's deliberate indifference to serious medical needs claims against Defendant Sharpe and other unrelated claims;

3. Plaintiff's claims of retaliation against Defendant Adams; and

4. Plaintiff's remaining claims against Defendants Deal and Dozier.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for excessive force against Defendant Miller.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, while being escorted from the prison visitation room back to his cell, began to express concerns about his safety to Defendant Miller and an unnamed female officer. Doc. 1 at 5. In response to Plaintiff's comments, Defendant Miller began to rub Plaintiff's arm—in a way Plaintiff deemed inappropriate—and said, "[Y]ou['re] scared to get poked?" Id.; Doc. 1-2 at 2. Plaintiff tried to pull his arm away, at which point Defendant Miller slammed Plaintiff's face against the concrete. Id. Defendant Miller's actions caused injuries to Plaintiff's nose, lip, teeth, and forehead. Id. Plaintiff claims his injuries from this encounter are still not fully healed. Doc. 1 at 6. Plaintiff states he complained to Wardens Deal and Adams about the incident, but no action was taken. Id. at 5. Plaintiff submitted documents indicating the incident was referred to the Criminal Investigations Division. Doc. 1-2 at 1.

Plaintiff claims, at a later date, Defendant Adams made an inappropriate joke to Plaintiff about the incident with Defendant Miller. Doc. 1 at 5. Plaintiff filed a grievance about Defendant Adams' comments. Id. at 6. Plaintiff claims that as a result of his filing a grievance, he was retaliated against by being placed in close security housing and labelled a gang member. Id. Plaintiff maintains he has never been in a gang or engaged in gang-related activities "a day in [his] life." Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(a). During the initial screening, the court must identify any cognizable claims in

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

the complaint. §1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[2]  Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I.  Official Capacity Claims

It is unclear whether Plaintiff is suing the named Defendants in their individual or official capacities. However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S.

---

[2]  Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in his official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in their official capacity. Ex parte Young, 209 U.S. 123, 148–50 (1908). Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

II.     **Plaintiff's Deliberate Indifference to Serious Medical Needs Against Defendant Sharpe and Other Unrelated Claims**

Plaintiff states Defendant Sharpe denied him his blood pressure medication, causing him to become dizzy and fall into a wall. Doc. 1 at 5; Doc. 1-1 at 2. After his fall, Defendant Sharpe did not allow Plaintiff to get medical care. Doc. 1 at 5. Plaintiff seeks both compensatory and punitive damages. Doc. 1-1 at 2. Plaintiff also sets forth additional unrelated claims concerning: denial of sheets and blankets while on lockdown; lack of clean bandages on lockdown; theft or loss of personal property; being housed with gang members; a lack of response to grievances related to gang member housing and personal property theft; and issues related to outgoing mail.

Id. Plaintiff provides very little information on these claims, how they are related, and often against whom they are directed. These additional claims—and those against Defendant Sharpe—appear unrelated to Plaintiff's other claims. A plaintiff may not join unrelated claims against various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit Court of Appeals, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). Plaintiff has failed to show a "logical relationship" between his separate allegations of harm against numerous or unspecified Defendants. Accordingly, I **RECOMMEND** the Court **DISMISS** these claims **without prejudice**.

### III.   Plaintiff's Claim for Retaliation Against Defendant Adams

Plaintiff claims Defendant Adams made an inappropriate joke to him regarding the above-mentioned incident with Defendant Miller. Doc. 1 at 5. Plaintiff filed a grievance about Defendant Adams' comments. Id. at 6. Plaintiff claims that as a result of him filing a grievance, he was retaliated against by being placed in close security housing and labelled a gang member. Id. Plaintiff maintains he has never been in a gang or engaged in gang-related activities "a day in [his] life." Id.

Classification decisions about individual prisoners are generally left to prison officials' discretion. See Cohen v. United States, 151 F.3d 1338, 1344 (11th Cir. 1998). However, classification decisions are unconstitutional if they are done for unconstitutional reasons, such as retaliation for exercise of First Amendment rights. Lucien v. DeTella, 141 F.3d 773, 774 (7th Cir. 1998).

5

The Eleventh Circuit has adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim. Bennett v. Hendrix, 423 F.3d 1247, 1250–51 (11th Cir. 2005). Under the test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech. Id. at 1250. "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of his First Amendment rights." Id. at 1254. Accordingly, the Eleventh Circuit explained that a plaintiff need not show that his own exercise of First Amendment rights has been chilled but, instead, a plaintiff can establish an injury if he can show that the retaliatory acts are sufficiently adverse that a jury could find that the acts would chill a person of ordinary firmness from exercising his First Amendment rights. Id. at 1254–55.

Plaintiff's speech in filing a grievance is protected, as the First Amendment protects the right to petition the government for a redress grievances. U.S. Const. amend. I; Bill Johnson's Rests. v. NRLB, 461 U.S. 731, 741 (1983); see also Redd v. Conway, 160 F. App'x 858, 862 (11th Cir. 2005) ("The First Amendment protects inmates from retaliation by prison officials for filing lawsuits or administrative grievances"). Likewise, it is reasonable to assume reclassification may have a chilling effect on constitutionally protected speech. However, a prisoner must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff has failed to provide any specific facts that he was reclassified because of his filing of a grievance. Plaintiff's

allegations are purely conclusory; accordingly, I **RECOMMEND** the Court **DISMISS** the First Amendment retaliation claims against Defendant Adams.

**IV.     Plaintiff's Remaining Claims Against Defendants Deal and Dozier**

A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570. While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'" Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-CV-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff names Warden Deal and Commissioner Dozier as Defendants in this case. Doc. 1 at 1. However, Plaintiff largely fails to allege specific facts as to these Defendants. Plaintiff makes no mention of any acts or omissions by Defendant Dozier. Plaintiff states he complained about the alleged excessive force incident several times to Defendant Deal, id. at 5, but Plaintiff fails to specify when in relation to the incident he complained. Further, Plaintiff contends that, in response to his complaints, "nothing was done." Id. However, documents Plaintiff submitted—and signed by Defendant Deal— indicate the incident was referred to the Criminal Investigations Division. Doc. 1-2 at 1. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Dozier and Deal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims for monetary damages against Defendants in their official capacities;

2. Plaintiff's deliberate indifference to serious medical needs claims against Defendant Sharpe and other unrelated claims;

3. Plaintiff's claims of retaliation against Defendant Adams; and

4. Plaintiff's remaining claims against Defendants Deal and Dozier.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for excessive force against Defendant Miller.

Any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA