FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 9:33 am, Nov 30, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JERMARAE HERBERT,<br><br>     Plaintiff,<br><br>v.<br><br>DA'SHAUN MILLER,<br><br>     Defendant. | CIVIL ACTION NO.: 6:19-cv-52 |

**O R D E R**

This matter is before the Court on: (1) Plaintiff's Motion to Amend his Complaint, doc. 17; (2) Plaintiff's Motion to Compel Discovery, doc. 19; and (3) Plaintiff's Motion asserting his right to counsel, doc. 19. The Court addresses each of these Motions in turn.

**I.    Motion to Amend**

Plaintiff timely filed a "Motion Amendment" on June 8, 2020. Doc. 17. In this Motion, Plaintiff asserts additional claims against new defendants who were involved with his medical treatment after the incident of excessive force described in his original Complaint. Id. at 1. In particular, Plaintiff asserts new claims against Nurse Robinson, Doctor Grach, Chief Counselor, and Warden Bobbitt. Id. at 1.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff can only amend his complaint once as a matter of course within 21 days after service of his complaint or service of a responsive pleading. More than 21 days have passed since the service of Plaintiff's Complaint and service of Defendant's Answer. Docs. 9, 12. Thus, Plaintiff may not amend his Complaint as a matter of course. Outside of this time frame, "a party may amend its pleading only with the opposing

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff does not contend Defendant has consented to his amendment, and Defendant did not respond to Plaintiff's Motion to Amend. Therefore, Plaintiff must obtain the Court's leave to amend his Complaint. Plaintiff does not formally request leave to amend in his Complaint, but the Court construes Plaintiff's "Motion Amendment" as such. Federal courts may liberally construe pro se filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381–82 (2003)). Because Plaintiff has not already obtained the Court's leave, which is needed to properly amend his complaint, the Court interprets the "Motion Amendment" to be a request for leave to amend. In addition, Plaintiff does not provide the Court with an Amended Complaint or enough information about these additional defendants for the Court to grant a motion to amend at this time.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. Foman v. Davis, 371 U.S. 178, 182 (1962). At present, no substantial reason exists to deny Plaintiff's Motion, and Plaintiff's Motion is unopposed. Furthermore, Plaintiff submitted his Motion to Amend within the deadline set by the Court for submission of amended pleadings. Doc. 13. Accordingly, the Court **GRANTS as unopposed** Plaintiff's Motion requesting leave

to amend and **ORDERS** Plaintiff to file an Amended Complaint within **14 days** of the date of this Order.

The Amended Complaint must comply with the following directions.  **The Court advises Plaintiff to read and follow these directions carefully:**

(1)   The Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983.[1]

(2)   The Amended Complaint must be clearly labelled "Amended Complaint" and place the civil action number of this case on the first page of the form.

(3)   No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4)   The Amended Complaint must be legible with writing on only one side of each page.

(5)   Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6)   The Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

(7)   The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

(8)   The Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Amended Complaint will supersede and replace his original Complaint.  Therefore, Plaintiff's Amended Complaint **must not** refer back to the initial Complaint or any of its attachments and **must not** incorporate any part of the original complaint by reference.  Claims made against particular defendants in Plaintiff's original Complaint are not preserved unless they are also set forth in the Amended Complaint.

---

[1]   The Court **DIRECTS** the Clerk of Court to send the appropriate 42 U.S.C. § 1983 complaint form and a copy of this Order to Plaintiff.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge that the case be dismissed without further notice for failure to prosecute and failure to follow a Court order.**

Additionally, the Court **ORDERS** Plaintiff to advise the Court in writing of any change of address during the pendency of this action.   Plaintiff's failure to abide by this directive will result in the dismissal of Plaintiff's Complaint, without prejudice, for failure to follow an Order of this Court.

## II.     Motion to Compel Discovery

In his Motion to Compel Discovery, Plaintiff states he "submitted" interrogatories on June 15, 2020.   Doc. 19 at 1.   Plaintiff states he has not received answers to these interrogatories from Defendant and seeks to compel discovery pursuant to Federal Rule of Civil Procedure 37.   Id.   Plaintiff also seeks reasonable expenses for bringing his Motion to Compel.   Id.   Defendant claims in his Response that Plaintiff's interrogatories were never served.   Doc. 20 at 1.

Regardless of whether Plaintiff served interrogatories, Plaintiff has not met the requirements of Federal Rule of Civil Procedure 37.   Federal Rule 37(a)(1) requires that any motion seeking to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."   A court may summarily deny a motion to compel because a party has failed to include such a certification.   Plaintiff's pro se status does not exempt him from compliance with the procedural rules.   Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913–14 (11th Cir. 2010) (citing McNeil v.

United States, 508 U.S. 106, 113 (1993)).  Plaintiff has not included any certification indicating he has conferred or attempted to confer with Defendant regarding these interrogatories. Therefore, Plaintiff has not properly brought this Motion.

Federal Rule 37(a)(5)(A) states expenses for bringing a motion should only be awarded if the court grants the motion.  Because this Court denies the Motion, it will not award expenses. In addition, a court must not award expenses if the parties failed to confer in good faith prior to bringing the motion under Rule 37(a)(5)(A)(i).  For these reasons, the Court **DENIES** Plaintiff's Motion to Compel.

### III.    Appointment of Counsel

This Court previously denied a motion asserting Plaintiff's right to counsel.  Doc. 16. As the Court explained, in this civil case, Plaintiff has no constitutional right to appointed counsel.  Additionally, the circumstances of this case are not so complex to prevent Plaintiff from presenting "the essential merits of his position" to the Court.  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)). In his renewed Motion, Plaintiff only cites to criminal cases and does not provide any additional information demonstrating exceptional circumstances.  Doc. 19 at 3–4.  The Court has again reviewed the record and pleadings and finds the appointment of counsel is not warranted in this civil case.  For these reasons, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED**, this 30th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA